**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JAMES CARLAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **No. 5:25-CV-62 (CAR)** |
| **v.** | : | |
| | : | |
| **Officer CHARLES EVANS, individually and** | : | |
| **in his official capacity; JASON ASHFORD,** | : | |
| **individually and in his official capacity;** | : | |
| **TERESA HATHAWAY, individually and in** | : | |
| **her official capacity; ARTHUR CREQUE,** | : | |
| **individually and in his official capacity; and** | : | |
| **HOUSTON COUNTY;** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

Currently before the Court is *pro se* Plaintiff James Carlan's Motion to Proceed *In Forma Pauperis* ("IFP"). Having reviewed Plaintiff's application, it appears he is unable to pay the cost of commencing this action or the United States Marshal service fees. Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 5] is **GRANTED**. Plaintiff, however, fails to state any claim for relief. If Plaintiff wishes to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) **he must file an Amended Complaint** within 21 days of the date of this Order, which will supersede his Complaint, as hereinafter directed.

Plaintiff prematurely served his Complaint on Defendants, and thereafter, Defendants filed Motions to Dismiss. Because the Court had not granted the Motion to

Proceed IFP, Plaintiff's service of process is **VOID**[1] and Defendants' Motions to Dismiss [Docs. 2 and 3] are **DISMISSED without prejudice**. Upon receipt of any amended complaint, the Court will reevaluate the amended complaint pursuant to 28 U.S.C. § 1915(e). There will be no service of process until further order of this Court.[2]

### I. Motion to Proceed IFP

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[3] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[4] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[5] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his

---

[1] When a plaintiff is proceeding IFP, service can only be ordered by the Court.

[2] The Court further notes that Plaintiff is aware that he should not have served Defendants because the Court voided service in his previous lawsuit for the same reasons.

[3] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[4] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[5] *Id.*

poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[6]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that he cannot pay the court fees because of poverty. Plaintiff states that he is self-employed and has no monthly income, but $4,100.00 in monthly expenses.[7] Plaintiff attests he owns two vehicles, a 2002 Hyundai Santa Fe and a 2005 Hyundai Elantra, with a total value of about $3,000.00, and a home with a value of $3,500.00.[8] Plaintiff qualifies as a pauper under § 1915, and his Motion [Doc. 3] is **GRANTED**.

## II. Preliminary Screening

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[9] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[10]

---

[6] *Id.* (citation omitted).
[7] Plaintiff's Motion to Proceed IFP [Doc. 5 at 2–3].
[8] *Id.* at 3.
[9] 28 U.S.C. § 1915(e)(2)(b).
[10] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[11] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[12] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[14]

Although *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed,"[15] that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action."[16] *Pro se* litigants cannot "simply point to some perceived or action wrongdoing and then have the court fill in the facts to support their claim…. Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled."[17]

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[12] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[13] *Ashcroft*, 556 U.S. at 663.

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[15] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

[16] *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (citation modified).

[17] *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009).

## A. Factual Background

Plaintiff brings ten "counts" against five Defendants—Officer Charles Evans; Judge Jason Ashford; Arthur Creque, a prosecutor; Teresa Hathaway, Clerk of the State Court of Houston County; and Houston County—alleging violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments; defamation and slander; "failure to provide oaths of office"; "deprivation and conspiracy under the color of law"; violations of 42 U.S.C. § 1986; "official misconduct" under O.C.G.A. § 16-10-2; and false imprisonment and illegal detainment.

On January 20, 2020, Plaintiff was driving on Russell Parkway in Houston County when he was pulled over by Officer Charles Evans. Plaintiff alleges Evans "falsely accused him of traveling 60 mph in a 40 mph zone, despite video evidence contradicting this claim."[18] Plaintiff requested video footage of the stop through an Open Records Request but was denied. Plaintiff was subsequently charged with speeding. Arthur Creque was the solicitor prosecuting the case. Plaintiff contends Creque withheld exculpatory dash cam footage for three years, which Judge Ashford and Houston County allowed.

Plaintiff's speeding case went to trial, at which time Creque "improperly biased the jury by stating before selection that he wanted to 'get this over with quickly so that

---

[18] Complaint [Doc. 1 ¶ 14].

he could get home in time for dinner,' implying the case was frivolous."[19] Creque further

asked the jury who thought the case was a waste of time. Plaintiff alleges he was "forced

to represent himself, but Jason Ashford refused to allow Plaintiff to question the jury[.]"[20]

A potential juror stated she "already knew every outcome that would come from the

case" but Judge Ashford "failed to remove her" and "seemed to agree with the juror that

it was a waste of time[.]"[21] Plaintiff further contends his "entire jury was switched without

notice before trial, preventing Plaintiff from questioning them."[22] Plaintiff alleges

Defendants "have taken jurisdiction, where they do not have any, and have not been

given permission by the Supreme Court."[23]

Plaintiff was found guilty and attempted to appeal, but Teresa Hathaway, the

Clerk of Court, allegedly "refused to process the paperwork[.]"[24] Plaintiff was fined

$1,000.00, and sentenced to one-year probation and 50 hours of community service.

Plaintiff was unable to pay the full fine. Judge Ashford then "retaliated against [Plaintiff]

for asking [Judge Ashford] to provide his oath [of office]" by sending Plaintiff to jail for

eight days "and depriv[ing] him of food and water that met his religious dietary

requirements[.]"[25] Plaintiff contends jail officials "threatened to forcefully resuscitate

---

[19] *Id.* ¶ 18.
[20] *Id.*¶ 20
[21] *Id.* ¶ 21.
[22] *Id.* ¶ 22.
[23] *Id.* ¶ 23.
[24] *Id.* ¶ 24.
[25] *Id.* ¶¶ 27–28.

Plaintiff[.]"[26] After he was released from jail, Plaintiff "was hiding from everyone that came to the door, afraid, and couldn't walk without a cane for months after."[27] Plaintiff seeks $30,000,000 in compensatory damages, $10,000,000 in punitive damages, declaratory relief, and injunctive relief "requiring reforms in Houston County's legal system[.]"[28]

### B. Analysis

All of Plaintiff's claims against Defendants Ashford, Hathaway, Creque, and Houston County, and all his claims against Evans in his official capacity are barred by the doctrine of *res judicata*. Two of Plaintiff's claims against Defendant Evans in his individual capacity are barred by the statute of limitations, and the remaining claims fail to state any claim for relief.

### 1. *Res Judicata*

"The doctrine of *res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding."[29] "Res judicata will bar a later action if the following requirements are met: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same."[30] "Two

---

[26] *Id.* ¶ 31.

[27] *Id.* ¶ 29.

[28] *Id.* at p. 9.

[29] *Dixon v. Bd. of Cnty. Comm'rs Palm Beach Cnty.*, 518 F. App'x 607, 609 (11th Cir. 2013) (citation omitted).

[30] *Harmon v. Webster*, 263 F. App'x 844, 845 (11th Cir. 2008) (citation omitted).

cases are considered to involve the same cause of action if they arise out of the same nucleus of operative facts or are based upon the same factual predicate."[31]

The doctrine of *res judicata* bars all of Plaintiff's claims against Defendants Ashford, Hathaway, Creque, and Houston County. On April 29, 2024, Plaintiff filed a Complaint asserting 133 counts against seven Defendants, including Judge Ashford, Hathaway, Creque, and Houston County ("*Ashford I*").[32] Both this suit and *Ashford I* involved the same Plaintiff and same Defendants. This action is the third case Plaintiff has brought against Judge Ashford; on February 12, 2025, Plaintiff sued him for the second time ("*Ashford II*") based on the same events.[33]

This action and *Ashford I* both arise out of the same nucleus of operative facts because both cases arise from Plaintiff's detainment and citation for speeding, his subsequent trial, and the eight days he spent in jail. After allowing Plaintiff the opportunity to sufficiently state claims for relief, on January 29, 2025, this Court dismissed *Ashford I* because Plaintiff's Second Amended Complaint failed to state a claim for relief and as a shotgun pleading.[34] Thus, the prior dismissal was a final judgment on the merits by a court of competent jurisdiction. *Res judicata* bars all the claims against

---

[31] *Dixon*, 518 F. App'x at 610 (citation omitted).

[32] *Carlan v. Ashford, et al.* ("*Ashford I*"), 5:24-cv-129-CAR.

[33] *Carlan v. Ashford, et al.* ("*Ashford II*"), 5:25-cv-53-CAR.

[34] Order Denying Plaintiff's Motion for Reconsideration and Dismissing Plaintiff's Recast Complaint, ("*Ashford I*"), 5:24-cv-129-CAR, [Doc. 17].

Case 5:25-cv-00062-CAR    Document 6    Filed 07/24/25    Page 9 of 14

these Defendants, even those that were not asserted in *Ashford I*, because Plaintiff could have asserted them in *Ashford I*.[35]

Plaintiff did not sue Defendant Evans in the initial lawsuit, but *res judicata* bars all of Plaintiff's claims against Defendant Evans in his official capacity. Suing a police officer in his official capacity is the same as suing the governmental entity that employs him.[36] Plaintiff sued the City of Warner Robins in *Ashford I* for claims arising out of a speeding citation; thus, Plaintiff's present claims against Defendant Evans in his official capacity are essentially brought against the City for a second time.[37] Thus, the official capacity claims against Defendant Evans are barred by *res judicata* because Plaintiff could have asserted them in *Ashford I*, which this Court dismissed on the merits.

### 2. Immunities

As explained in the Court's Orders in *Ashford I* and *Ashford II*, Plaintiff's claims against Defendants Ashford, Creque, and Hathaway must also be dismissed because they are immune from liability. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they

---

[35] *Dixon*, 518 F. App'x at 609.

[36] *Campbell v. Goode*, 304 Ga. App. 47, 50 (2010) (explaining that claim against city police officer in his official capacity was "in reality," a suit against the city and subject to sovereign immunity); *City of Atlanta v. Mitcham*, 296 Ga. 576, 583 (2015) (same); *Layer v. Barrow County*, 297 Ga. 871, 871 (2015) ("[A] suit against a county officer in her official capacity *is* a suit against the county itself[.]").

[37] The Court makes the reasonable assumption that Defendant Evans is a City of Warner Robins police officer because Plaintiff alleges "the events giving rise to the claims occurred in Warner Robins, Georgia (Houston County)." Complaint [Doc. 1 ¶ 6]. Assuming Defendant Evans is instead employed by Houston County, the official capacity claims are barred for the same reasons.

acted in the 'clear absence of all jurisdiction.'"[38] "A prosecutor is entitled to "absolute

immunity from allegations stemming from the prosecutor's function as an advocate,"

which includes "acts undertaken in preparing for the initiation of judicial proceedings or

for trial,"[39] "even if undertaken with malicious intent."[40] And court clerks, although they

"enjoy a narrower ambit of immunity than judges,"[41] "have absolute immunity for their

duties that are integrally related to the judicial process."[42] Therefore, Judge Ashford,

Defendant Creque— a prosecutor, and Defendant Hathaway—the Clerk of Court, are all

absolutely immune from Plaintiff's claims, which arise from Plaintiff's detainment and

prosecution for speeding. Plaintiff claims against Judge Ashford, Creque, and Hathaway

are DISMISSED WITH PREJUDICE.

### 3.  Claims Against Defendant Evans in His Individual Capacity

The only remaining claims are those against Defendant Evans in his individual

capacity. Plaintiff alleges Defendant Evans is an officer who "issued an allegedly false

citation and provided perjured testimony."[43] On January 20, 2020, Plaintiff was pulled

over by Defendant Evans. Plaintiff alleges that while driving on Russell Parkway,

---

[38] *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) ("Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.").

[39] *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citation modified).

[40] *Davis v. Self*, 547 F. App'x 927, 933 (11th Cir. 2013) (citing *Hart*, 587 F.3d at 1235).

[41] *Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (citation modified).

[42] *Jenkins v. Clerk of Court*, 150 F. App'x 988, 990 (11th Cir. 2005).

[43] Doc. 1 ¶ 8.1.

Plaintiff saw Evans "positioned in a manner that made it appear there was an accident."[44]

Plaintiff came to "a standstill until he could merge into the left lane . . . but he thought he

saw [Evans] target him as soon as Plaintiff hit the brakes."[45] Plaintiff alleges he was

traveling at or below the speed limit and hit the brakes to avoid an "apparent

obstruction" in the right lane.[46] Defendant Evans then stopped Plaintiff "and falsely

accused him of traveling 60 mph in a 40 mph zone, despite video evidence contradicting

this claim."[47] Plaintiff alleges Defendant Evans lacked probable cause to stop him or issue

the citation for speeding, illegally detained him without reasonable articulable suspicion

of a crime, and held him against his will during the traffic stop.[48]

Plaintiff's count 2—Violation of Fourth Amendment—and count 10—False

Imprisonment and Illegal Detainment—are barred by the statute of limitations. In count

2, Plaintiff alleges Evans lacked probable cause to stop him or issue the citation for

speeding, violating his Fourth Amendment right against unreasonable seizures under §

1983. The Court construes this as a claim for false arrest, which "concerns seizures

without legal process, such as warrantless arrests."[49] A false arrest claim accrues "when

either the seizure ends or the plaintiff is held pursuant to legal process."[50] Under Georgia

---

[44] *Id.* ¶¶ 9, 11.

[45] *Id.* ¶ 12.

[46] *Id.* ¶ 13.

[47] *Id.* ¶ 14.

[48] *Id.* ¶¶ 39, 71.

[49] *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citation omitted).

[50] *Id.* (citation omitted).

law, the statute of limitations for injuries to the person, including claims for false imprisonment, malicious prosecution, and false arrest, is two years.[51] Plaintiff alleges he was detained by Evans during the traffic stop on January 20, 2020. Accounting for the 122-day period that the statute of limitations was tolled because of the COVID-19 pandemic,[52] Plaintiff had until May 22, 2022, to file his false arrest claim. Because Plaintiff did not file this suit until February 19, 2025, his false arrest claim against Evans in his individual capacity is barred by the statute of limitations.

In count 10, Plaintiff alleges Defendant Evans illegally detained Plaintiff in violation of 10 U.S.C. § 897. As previously explained to Plaintiff in *Ashford I*, this code section falls under chapter 47 of title 10 of the United States Code, which applies only to members of the armed forces.[53] Thus, Plaintiff has no claim under § 897. Construing this claim instead as a state law claim for false imprisonment, this claim is still barred by the statute of limitations. An action for false imprisonment must be brought within two years of its accrual, "which is from the release from imprisonment."[54] As explained above, Plaintiff had until May 22, 2022, to file a false imprisonment claim. Thus, Plaintiff's false imprisonment claim against Evans in his individual capacity is barred by the statute of limitations.

---

[51] O.C.G.A. § 9-3-33.

[52] *Vento v. Patel*, No. 23-11392, 2024 WL 775142, at *1 n.1 (11th Cir. Feb. 26, 2024).

[53] *See* Court's Order, *Ashford I*, 5:24-cv-129-CAR [Doc. 17 at 9]; 10 U.S.C. § 802.

[54] *Reese v. Clayton County*, 185 Ga. App. 207, 208 (1987) (citations omitted).

Plaintiff's counts 1, 3, 4, 5, 7, 8, 9 are asserted against "all Defendants," but Plaintiff fails to include any specific allegations against Defendant Evans. It is unclear from his general allegations in these claims what Defendant Evans allegedly did that could sustain any cause of action against him. If Plaintiff wishes to maintain any of these specific claims against Defendant Evans, he must recast these claims with specific allegations relating to Defendant Evans' actions that would subject him to liability. As plead, the general allegations fail to state any claim for relief against Evans.

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 5] is **GRANTED**. But all of Plaintiff's claims against Defendants Ashford, Hathaway, Creque, Houston County, and Evans in his official capacity are barred by the doctrine of *res judicata* and are DISMISSED WITH PREJUDICE. Further, because Defendants Ashford, Hathaway, and Creque are immune from liability, the claims against them are DISMISSED WITH PREJUDICE. Plaintiff is ADVISED that he will be subject to sanctions, including monetary sanctions, if he continues to bring meritless and abusive claims against these same Defendants.

Counts 2 and 10 against Evans in his individual capacity are barred by the statute of limitations and DISMISSED WITHOUT PREJUDICE.

Counts 1, 3, 4, 5, 7, 8, 9 against Evans in his individual capacity fail to state any claim for relief. If Plaintiff wishes to maintain counts 1, 3, 4, 5, 6, 8, or 9 against Defendant Evans, he must recast these claims with specific allegations relating to Defendant Evans'

actions. Pursuant to 28 U.S.C. § 1915(e)(2), **Plaintiff must file an Amended Complaint** within 21 days of the date of this Order, which will supersede his Complaint.

Plaintiff prematurely served his Complaint on Defendants, and thereafter, Defendants filed Motions to Dismiss. Because the Court had not granted the Motion to Proceed IFP, Plaintiff's service of process is **VOID**[55] and Defendants' Motions to Dismiss [Docs. 2 and 3] are **DISMISSED without prejudice**. Upon receipt of any amended complaint, the Court will reevaluate the amended complaint pursuant to 28 U.S.C. § 1915(e).

**THERE WILL BE NO SERVICE OF PROCESS UNTIL FURTHER NOTICE FROM THE COURT.**

**SO ORDERED**, this 24th day of July, 2025.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[55] When a plaintiff is proceeding IFP, service can only be ordered by the Court.