IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES CARLAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:25-CV-62 (CAR) |
| v. | : | |
| | : | |
| Officer CHARLES EVANS, individually and | : | |
| in his official capacity; JASON ASHFORD, | : | |
| individually and in his official capacity; | : | |
| TERESA HATHAWAY, individually and in | : | |
| her official capacity; ARTHUR CREQUE, | : | |
| individually and in his official capacity; and | : | |
| HOUSTON COUNTY; | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER DENYING MOTIONS FOR HEARING AND RECONSIDERATION

Before the Court is *pro se* Plaintiff James Carlan's "Motion to Deny Request to Amend and Demand Hearing on Sufficiency of Complaint" which this Court **CONSTRUES** as Motions for a Hearing and for Reconsideration. Plaintiff seeks reconsideration of the Court's Order granting his motion to proceed *in forma pauperis* ("IFP") and dismissing with prejudice certain claims the Court found barred by *res judicata*; dismissing without prejudice certain claims barred by the statute of limitations; and directing Plaintiff to file an amended complaint on the remaining claims that failed

1

to state any claim for relief if he wished to this action to proceed. [Doc. 6]. For the reasons discussed below, Plaintiff's Motions for a Hearing and Reconsideration [Doc. 7] are **DENIED**.

On April 29, 2024, Plaintiff filed a Complaint asserting 133 counts against seven Defendants, including Defendants Jason Ashford, Teresa Hathaway, and Arthur Creque (the same Defendants in this case), asserting they violated a host of federal statutes, "freedoms," and constitutional amendments for alleged actions involving the renewal of his massage therapy business license, student loans, taxes, a speeding ticket, kidnapping, and the eight days Plaintiff alleged he spent in jail ("*Ashford I*").[1] After allowing Plaintiff to recast his complaint because his original was a shotgun pleading and failed to state any claim for relief, the Court dismissed the amended recast complaint for the same reasons.

Plaintiff now has three pending actions, including the one at bar, currently before this Court asserting many of the same claims he asserted in *Ashford I*.[2] In the current action, Plaintiff asserted ten counts against Defendants Officer Charles Evans; Jason Ashford, a State Court Judge in Houston County, Georgia; Arthur Creque, a prosecutor; Teresa Hathaway, Clerk of the State Court of Houston County; and Houston County,

---

[1] *Carlan v. Ashford, et al.*, Case No. 5:24-CV-129-CAR [Doc. 1].
[2] *Carlan v. Ashford et al.*, Case No. 5:25-CV-53-CAR; *Carlan v. Warner Robins Police Department et al.*, Case No. 5:25-CV-63-CAR.

again asserting they violated a multitude of federal and state laws. On July 24, 2025, this Court dismissed with prejudice and without leave to amend his claims against Defendants Judge Ashford, prosecutor Creque, clerk Hathaway, and Houston County because they are barred by *res judicata*, and because Defendants Ashford, Creque, and Hathaway are immune from liability; thus, any amendment would futile.[3] This Court also dismissed without prejudice and without leave to amend two of Plaintiff's claims against Defendant Evans because they are barred by the statute of limitations and thus any amendment would be futile. Finally, the Court found Plaintiff's remaining claims against Defendant Evans failed to state any claim for relief but allowed Plaintiff twenty-one (21) days to file a recast amended complaint to sufficiently state a claim for relief.

Plaintiff now seeks a hearing and moves for the Court to reconsider its rulings.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon motion, to alter or amend a judgment.[4] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[5] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[6] Accordingly, the Court should only

---

[3] Order [Doc. 6].
[4] Fed. R. Civ. P. 59(e).
[5] M.D. Ga., L.R. 7.6.
[6] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).

grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered which was not previously available to the parties in the exercise of due diligence; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[7] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[8] Ultimately, whether to grant a motion for reconsideration is within "the sound discretion" of the district court.[9]

Plaintiff fails to demonstrate any of the limited circumstances warranting reconsideration: He does not point to any intervening change in the law; he does not contend any new evidence has been discovered that was not previously available to the parties at the time the original Order was entered; and he does not identify any clear error of law or manifest injustice. A motion for reconsideration "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision."[10] This Court finds a hearing to be unnecessary.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motions for a Hearing and for Reconsideration [Doc. 7].

---

[7] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).
[8] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).
[9] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993).
[10] *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996).

**SO ORDERED,** this 14th day of August, 2025.

                                           s/ C. Ashley Royal_____
                                           C. ASHLEY ROYAL, SENIOR JUDGE
                                           UNITED STATES DISTRICT COURT